UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY STRUGGS,<br><br>     *Plaintiff,*<br><br> -against-<br><br>KIA MOTORS FINANCE, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC,<br><br>     *Defendants.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel, Plaintiff Jeffrey Struggs ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the New York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY FCRA"), Plaintiff brings this action against Defendant Kia Motors Finance ("Kia" or the "Furnisher Defendant"), and against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (Equifax, Experian, and Trans Union are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p. This Court has supplemental jurisdiction of state claims asserted herein pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## The Parties

4. Plaintiff Jeffrey Struggs is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Richmond County, New York.

5. Defendant Kia is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

6. Defendant Equifax is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA and NY FCRA.

7. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA and NY FCRA.

8. Defendant Trans Union is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA and NY FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act and/or New York Fair Credit Reporting Act

9. Plaintiff financed a vehicle with Defendant Kia in September 2012 (hereinafter, the account with Kia is the "Kia Account").

10. Plaintiff paid made the final payment on August 23, 2018.

11. Even though Plaintiff paid the Kia Account balance in full, Kia reported that he was delinquent on his payment, and later that the Kia Account was charged off (hereinafter, the inaccurate balance information on the Kia Account is the "False Kia Account Information").

12. Upon information and belief, each CRA Defendant included the False Kia Account Information on consumer reports published to third parties. These publications defamed Plaintiff, thereby (a) giving creditors and/or potential creditors the false impression that Plaintiff was a poor credit risk, and (b) causing Plaintiff to suffer substantial emotional distress. As such, Plaintiff has suffered a concrete and particularized injuries pursuant to the Fair Credit Reporting Act such that Plaintiff has Article III standing to bring claims under the FCRA.

*Plaintiff's Claims Against Kia*

13. Because of its unlawful reporting and verifications of the False Kia Account Information, Furnisher Defendant Kia is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct reasonable investigations of Plaintiff's disputes of the False Kia Account Information reporting on Plaintiff's Equifax, Experian, and Trans Union credit reports after, upon information and belief, Kia received notice of Plaintiff's disputes from Equifax, Experian, and Trans Union;

    b. failing to review all relevant information provided to Kia by Equifax, Experian, and Trans Union concerning Plaintiff's disputes of the False Kia Account Information;

    c. failing to promptly modify, delete, or permanently block any and all information about the False Kia Account Information that Kia, had it conducted reasonable investigations of Plaintiff's disputes, could not have affirmatively verified as accurate; and

    d.   falsely representing to Equifax, Experian, and Trans Union that Plaintiff was responsible for the False Kia Account Information.

*Plaintiff's claims against CRA Defendants*

14. Because of their inaccurate reporting and unlawful publication of the False Kia Account Information, CRA Defendants Equifax, Experian, and Trans Union are liable to Plaintiff for violations of the FCRA and NY FCRA.

    *Violations of FCRA § 1681e(b) and NY FCRA § 380-j*

15. Upon information and belief, Equifax, Experian, and Trans Union each violated FCRA § 1681e(b) and NY FCRA § 380-j by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Equifax, Experian, and Trans Union did not follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the False Kia Account Information.

16. Upon information and belief, Equifax, Experian, and Trans Union each violated NY FCRA § 380-j by maintaining in their respective consumer files for Plaintiff information that each of those Defendants knew or had reason to know was inaccurate. That inaccurate information included but was not necessarily limited to the False Kia Account Information.

    *Violations of FCRA § 1681i and NY FCRA § 380-f*

17. Equifax, Experian, and Trans Union each violated FCRA § 1681i(a)(1) and NY FCRA § 380-f(a) by failing to conduct reasonable reinvestigations of the False Kia Account Information after Plaintiff disputed its accuracy to determine whether the False Kia Account Information was accurately reporting.

18. Equifax, Experian, and Trans Union each violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the False Kia Account Information.

19. Equifax, Experian, and Trans Union each violated FCRA § 1681i(a)(5) and NY FCRA § 380-f(b)(1) by failing to promptly delete the False Kia Account Information from their respective consumer files for Plaintiff despite the fact that Equifax, Experian, and Trans Union, had they conducted reasonable reinvestigations of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

## Statement of Facts

*Equifax Dispute(s)*

20. In a letter to the Consumer Protection Finance Bureau dated September 20, 2021 and a letter to Equifax dated October 22, 2021 ("Equifax Disputes"), Plaintiff disputed the False Kia Account Information.

21. Upon information and belief, Equifax notified Kia about the Equifax Disputes.

22. After Plaintiff's dispute and upon information and belief, Kia verified to Equifax that the False Kia Account Information was reporting accurately even though Kia could not, had it performed reasonable investigations, have verified that the disputed information was accurately attributable to Plaintiff.

23. Equifax, in turn, continued to report the disputed False Kia Account Information even though, had Equifax performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Equifax informed Plaintiff of its conclusion in dispute results dated October 16, 2021 and November 3, 2021.

24. Upon information and belief, Equifax published one or more consumer reports that included the False Kia Account Information after Plaintiff disputed the False Kia Account Information to Equifax. Equifax's inaccurate publication defamed Plaintiff by creating a false impression that Plaintiff was a poor credit risk.

*Experian Dispute(s)*

25. In a letter dated October 22, 2021 to Experian ("Experian Dispute"), Plaintiff disputed the False Kia Account Information.

26. Upon information and belief, Experian notified Kia about the Experian Dispute.

27. After Plaintiff's dispute and upon information and belief, Kia verified to Experian that the False Kia Account Information was reporting accurately even though Kia could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

28. Experian, in turn, continued to report the disputed False Kia Account Information even though, had Experian performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information.

29. Experian published one or more consumer reports that included the False Kia Account Information after Plaintiff disputed the False Kia Account Information to Experian. Experian's inaccurate publication defamed Plaintiff by creating a false impression that Plaintiff was a poor credit risk.

*Trans Union Dispute(s)*

30. In a letter dated October 22, 2021 to Trans Union ("Trans Union Dispute"), Plaintiff disputed the False Kia Account Information.

31. Upon information and belief, Trans Union notified Kia about the Trans Union Dispute.

32. After Plaintiff's dispute and upon information and belief, Kia verified to Trans Union that the False Kia Account Information was reporting accurately even though Kia could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

33. Trans Union, in turn, continued to report the disputed False Kia Account Information even though, had Trans Union performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information. Trans Union informed Plaintiff of its conclusion in dispute results dated November 20, 2021.

34. Trans Union published one or more consumer reports that included the False Kia Account Information after Plaintiff disputed the False Kia Account Information to Trans Union. Trans Union's inaccurate publication defamed Plaintiff by creating a false impression that Plaintiff was a poor credit risk.

*Damages*

35. At all times pertinent hereto, the conduct of each Defendant and its agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA and/or NY FCRA.

36. In the alternative, the conduct of each Defendant and its agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA and/or NY FCRA.

37. Upon information and belief, each Defendant, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

38. Each Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA and NY FCRA, including but not

necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including difficulty sleeping, frustration, apprehension about applying for credit, and instances of crying.

    b. Plaintiff was defamed by each Defendant, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

    c. Plaintiff also, upon information and belief, suffered additional credit harm in the form of an increased interest rate on a mortgage.

39. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act and New York Fair Credit Reporting Act.

40. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FCRA BY KIA**
**(FURNISHER DEFENDANT)**

41. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

42. Based on the facts alleged in this Complaint, Kia violated FCRA § 1681s-2(b) by its acts and

---

[1] Even if a jury finds that Defendants' unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

omissions.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY EQUIFAX, EXPERIAN, AND TRANS UNION
## (CONSUMER REPORTING AGENCIES)

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. Based on the facts alleged in this Complaint, Equifax, Experian, and Trans Union, by their respective actions and omissions, each independently violated various provisions of the FCRA including but not necessarily limited to the following violations:

    a. Upon information and belief, Equifax, Experian, and Trans Union each violated 15 U.S.C. § 1681e(b).

    b. Equifax, Experian, and Trans Union each violated 15 U.S.C. § 1681i(a)(1).

    c. Equifax, Experian, and Trans Union each violated 15 U.S.C. § 1681i(a)(4).

    d. Equifax, Experian, and Trans Union each violated 15 U.S.C. § 1681i(a)(5).

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE NY FCRA BY EQUIFAX, EXPERIAN, AND TRANS UNION
## (CONSUMER REPORTING AGENCIES)

45. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

46. Based on the facts alleged in this Complaint, Equifax, Experian, and Trans Union, by their respective actions and omissions, each independently violated various provisions of the NY FCRA (NY GBL §§ 380-380-u) including, but not necessarily limited to, the following violations:

    a. Equifax, Experian, and Trans Union each violated § 380-j(a).

    b. Upon information and belief, Equifax, Experian, and Trans Union each violated §

380-j(e).

   c. Equifax, Experian, and Trans Union each violated § 380-f(a).

   d. Equifax, Experian, and Trans Union each violated § 380-f(b).

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with respect to Defendants Equifax, Experian, and Trans Union, NY GBL § 380-l and § 380-m.

2. Ordering Defendants Equifax, Experian, and Trans Union to:

   a. immediately and permanently (i) delete all inaccurate information from Plaintiff's consumer reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom Equifax, Experian, and Trans Union reported consumer information; and

   b. send updated and corrected consumer report information to all persons and entities to whom Equifax, Experian, and Trans Union reported inaccurate information about Plaintiff within the last three years.

3. Enjoining Equifax, Experian, and Trans Union from violating Plaintiff's NY FCRA rights; and

4. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

/s/ *Brett D. Sherman*
Brett D. Sherman
**Sherman & Ticchio PLLC**
brett@st-legal.com
120 N. Main Street Suite 302(b)
New City, NY 10956
212.324.3874